UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 8:22-cr-134-KKM-CPT

DAVID HANNON

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the undersigned counsel, submits this memorandum to support its sentencing recommendation. The Defendant pleaded guilty to a one-count information charging him with Retaliating against a Federal official by threat, in violation of 18 U.S.C. § 115(a)(1)(B). Consistent with the plea agreement between the parties, the United States respectfully requests that the Defendant is sentenced to a term of imprisonment at the low end of the applicable guidelines range, as determined by this Court.

**I.   BACKGROUND**

Congresswoman Ilhan Omar (Rep. Omar) is an immigrant Muslim woman who was elected to the U.S. House of Representatives in November 2018, along with three other minority women – Congresswomen Alexandria Ocasio-Cortez, Ayanna Pressley, and Rashida Tlaib.

On July 16, 2019, at approximately 10:42 p.m., the Defendant sent an email to Rep. Omar's office threatening violence against her. The Defendant, a resident of Sarasota, Florida, used his Apple iCloud.com email account to send the threatening message, with a subject header that read "Your Dead You Radical Muslim."

The email stated:

> "We Are Ready To Carryout Mass Assassinations Against Alquida Radicals That Have Somehow Got Into Our American Political Parties!  Your Already On The HIT LIST BY OUR AMERICAN PATRIOT ARMY AND THE MOUSAD! YOU BETTER GET MORE SECURITY, OR WITHIN A WEEK YOU AND THE OTHER THREE RADICAL RATS WILL BE SIX FEET UNDER!  THIS IS NOT A THREAT BUT FACT!  ARE YOU READY TO DIE FOR ISLAM?  ARE YOU READY TO DIE FOR ALLAH?  ARE YOU READY TO GET OUT OF OUR COUNTRY! YOU WONT HEAR THE BULLET GOING THROUGH YOUR OR THEIR HEADS! ALL FOUR OF YOU CONGRESS WOMEN WILL DIE AND THE AMERICAN PEOPLE WILL CHEER!  PATRIOTS AGAINST ISLAM!  GOD BLESS AMERICA!"

Earlier that same day, Rep. Omar, along with Congresswomen Ocasio-Cortez, Pressley, and Tlaib together held a press conference at the U.S. Capitol responding to President Donald Trump's comments criticizing the four Congresswomen.  President Trump's criticisms included references to the terrorist group, Al-Qaida, and anti-Semitism.  Following the Congresswomen's press conference, President Trump posted a follow-up message on his Twitter social media account again referencing Al-Quaida, anti-Semitism, and the Congresswomen's choice to remain in the country.

Following an investigation, federal law enforcement officers determined the threatening email was sent from an email address belonging to the Defendant. During a voluntary interview, the Defendant admitted sending the threatening email.  The Defendant subsequently retained counsel and pleaded guilty to violating 18 U.S.C. § 115(A)(1)(B).

II.     PRE-SENTENCE INVESTIGATION REPORT

On June 22, 2022, the U.S. Probation Office issued its Final Presentence Investigation Report (PSR). See Doc. No. 30. Based upon a total offense level of 12 and a criminal history category of I, the guidelines imprisonment range is 10 to 16 months. Defendant has not set forth any factual or legal objections to the PSR. In light of the plea agreement between the parties, the United States recommends that this Court sentence the Defendant to 10-months imprisonment.

### III. SECTION 3553(a) FACTORS

A low-end guidelines sentence of 10-months imprisonment is appropriate in this case given: the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of Defendant's conduct, to promote respect for the law, and to provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.

The United States recognizes that a sentencing court may not presume that a sentence within the advisory guidelines range is reasonable; however, the guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S.Ct. 890, 891-92 (2009). A consideration of the Section 3553(a) factors warrants a low-end guidelines sentence in this case.

### A. Nature and Circumstances of the Offense

The nature and circumstances of Defendant's conduct are offensive to our system of government, and quite frankly, frightening because Defendant threatened to commit a heinous act of violence against a Federally elected official. Defendant's email threatened to murder Rep. Omar because she is a Muslim immigrant. He referred to her as a "rat," and threatened to shoot her because of her faith. The text of Defendant's email demonstrated that he was motivated by his hatred for Muslims.

The facts here warrant a 10-month prison sentence. Rep. Omar's staff's reaction to Defendant's email shows that the threat was taken seriously. They immediately notified federal investigators who quickly determined that the Defendant sent the threatening message. Although Defendant's threat was a single instance of criminal conduct, the government's recommendation of a low-end guidelines sentence acknowledges this mitigating factor.

### B. Defendant's History and Characteristics

Defendant's history and characteristics also weigh in favor of a 10-month prison term. The Defendant is an educated adult who utilized email to deliver a death threat to a United States Congresswoman. The Defendant's misuse of his email to send the threat coupled with the offensive tone and content of the threat warrants a prison sentence. Again, a low-end guidelines sentence would be considerate of this isolated conduct and his acceptance of responsibility.

### C. Seriousness of the Crime, Promoting Respect for the Law, and the

*Need for just Punishment*

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

The Defendant's conduct showed that he has no respect for the law, and even less respect for those who practice the Muslim faith. It is essential to demonstrate that this Court will stand-up and protect those who exercise their constitutional right to freedom of religion and those who choose to serve in public office. It is equally essential for this Court to demonstrate the seriousness with which the law treats defendants who threaten individuals exercising those rights. Members of religious minority communities require and deserve comprehensive protection against attempts at harassment and intimidation. Further, section 115 of the United States Code, reflects the federal interest in responding to criminals who would seek to influence and interfere with the administration of justice by attacking members of our congressional delegation. The only way to promote respect for and restore confidence in the law is to sentence the Defendant to a term of imprisonment.

### D. *Afford Adequate Deterrence to Criminal Conduct*

A low-end guidelines sentence would have the necessary deterrent effect, as contemplated by the sentencing guidelines. "General deterrence . . . expressly makes up one of the four purposes of sentencing identified by Congress in Section 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008). "The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter other." *Irey*, 612 F.3d at 1212.

Although Defendant's seemingly isolated criminal conduct and his criminal history suggest that he is unlikely to reoffend, the government's recommendation adequately provides the deterrent effect contemplated by Section 3553(a)(2)(B). A low-end guidelines sentence of 10-months would adequately address the sentencing factors and provide a just punishment for the Defendant's offense. The Defendant's prison sentence would not only deter others from threatening Federal officials, it would also serve to protect officials from prospective future violence based upon their political, religious, and racial ideologies.

### IV.  CONCLUSION

The Defendant's conduct is incompatible with our system of government, justice, and sense of decency and inclusion.  His threat was frightening, demeaning, and offensive.  A low-end guidelines sentence of 10-months imprisonment is necessary to reflect the seriousness of Defendant's crime, provide just punishment for that crime, to protect Federal officials, and promote respect for the law.

          Respectfully submitted,

          ROGER B. HANDBERG
          United States Attorney

By:  */s/ Erin Claire Favorit*
     Erin Claire Favorit
     Assistant United States Attorney
     Florida Bar No. 104887
     400 N. Tampa Street, Ste. 3200
     Tampa, FL 33602
     Phone:  (813) 274-6000
     Fax:    (813) 274-6103
     Email: erinfavorit@usdoj.gov

U.S. v. Hannon						Case No. 8:22-cr-00134-KKM-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Michael Perry, Esq.

*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone: (813) 274-6000
Fax:   (813) 274-6103
Email: erin.favorit@usdoj.gov